UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ROBERT OBIACORO,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, et al.,<br><br>Defendants. | No. 2:25-cv-00734 SCR P<br><br><br><br>ORDER |

Plaintiff is incarcerated in state prison and proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint is before the undersigned for screening under 28 U.S.C. § 1915A. For the reasons set forth below, plaintiff's complaint does not state any cognizable claims. Plaintiff will be given leave to file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff requests leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. ECF No. 2. Plaintiff submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted. This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to

1  CDCR requires monthly payments of twenty percent of the prior month's income to be taken
2  from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in
3  full. See 28 U.S.C. § 1915(b)(2).

### STATUTORY SCREENING

5  The court is required to screen complaints brought by prisoners seeking relief against "a
6  governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A
7  claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v.
8  Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on
9  an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S.
10 at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an
11 arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

12 In order to avoid dismissal for failure to state a claim a complaint must contain more than
13 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
14 of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
15 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
16 statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the
17 court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial
18 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
19 inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When
20 considering whether a complaint states a claim, the court must accept the allegations as true,
21 Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most
22 favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### PLAINTIFF'S COMPLAINT

24 The events underlying plaintiff's complaint occurred at Solano State Prison. ECF No. 1 at
25 1. Plaintiff names three defendants: (1) California Correctional Health Services ("CCCHS"); (2)
26 Mansour Yasser, a doctor at Solano State Prison; and (3) Otto Enid, a doctor at San Joaquin
27 General Hospital. Id. at 2.

28 Plaintiff alleges that around May 11, 2023, defendant Dr. Yasser ordered surgery for the

2

removal of a foreign object from his pelvis, but CCCHS denied and delayed the treatment which caused injuries. ECF No. 1 at 3-4. Plaintiff further alleges that around May 13, 2023, defendant Dr. Enid refused to remove the foreign object, which also led to his pain and injuries. Id. at 5. Plaintiff suffers stomach pain and is unable to perform normal bowel movements. Id.

Plaintiff alleges that these actions violated the Eighth Amendment, Fourteenth Amendment, and Cal. Gov't. Code § 815.6. Plaintiff's requested relief include monetary damages in the amount of $250,000, past and future medical expenses, and the appointment of counsel. ECF No. 1 at 6.

## LEGAL STANDARDS

### I. 42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

### II. Linkage

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted). In other words, "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that

3

causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### III. Eighth Amendment Deliberate Indifference to Serious Medical Needs

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096 (citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. (citing Estelle, 429 U.S. at 104). "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-32 (citing McGuckin, 974 F.2d at 1059-60).

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." (Id. at 839.) A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (citing Estelle, 429 U.S. at 105-106).

1	"[T]o show deliberate indifference, the plaintiff must show that the course of treatment the
2	doctors chose was medically unacceptable under the circumstances and that the defendants chose
3	this course in conscious disregard of an excessive risk to the plaintiff's health." Hamby v.
4	Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation and internal quotation marks omitted).
5	A difference of opinion about the proper course of treatment is not deliberate indifference, nor
6	does a dispute between a prisoner and prison officials over the necessity for or extent of medical
7	treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058
8	(9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Moreover, as for any § 1983
9	claim, there must be a causal link between the actions of the named defendants and the alleged
10	constitutional deprivation. See Monell, 436 U.S. at 691–92; May v. Enomoto, 633 F.2d 164, 167
11	(9th Cir. 1980).

**DISCUSSION**

**I.	Plaintiff Fails to State an Eighth Amendment Medical Indifference Claim**

The undersigned construes plaintiff's complaint as raising an Eighth Amendment deliberate indifference to a serious medical need claim against all three defendants. Plaintiff's alleged bowel dysfunction resulting from delay in treatment is sufficiently serious to satisfy the first prong of the Eighth Amendment medical indifference test. See Jett, 439 F.3d at 1096. However, for various reasons, plaintiff has not stated an Eighth Amendment claim against any of the three defendants. The undersigned will address each defendant in turn.

**A. Defendant CCCHS**

Defendant CCCHS is not a proper defendant in a § 1983 action. The Eleventh Amendment bars § 1983 suits against the State of California and state agencies, including CCCHS. See Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997); see also Diaz v. CDCR, 2017 WL 1079947, at *2 (E.D. Cal. Mar. 21, 2017) (§ 1983 claims against CCCHS barred by the Eleventh Amendment). Moreover, CCCHS is not a "person" for purposes of § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Accordingly, plaintiff has not stated a § 1983 claim against defendant CCCHS and will not be given leave to amend this claim.

5

### B. Defendant Dr. Yasser

While defendant Dr. Yasser appears to be a state actor subject to § 1983, plaintiff has not plead any facts linking Dr. Yasser to the alleged constitutionally inadequate medical care. The complaint states that Dr. Yasser ordered the foreign body removed from plaintiff's pelvis on May 11, 2023, ECF No. 1 at 4, but does not allege that he is responsible for any subsequent delay in treatment that caused plaintiff's injuries. Plaintiff will be given leave to amend this claim and allege, if he can, facts linking defendant Dr. Yasser to the alleged deliberate indifference to his serious medical need.

### C. Defendant Dr. Enid

The complaint does not allege sufficient facts to establish that defendant Dr. Enid, a doctor at San Joaquin General Hospital, was acting under color of state law. Generally, private doctors are not state actors and therefore cannot be sued under § 1983. See Briley v. California, 564 F.2d 849, 855-856 (9th Cir. 1977); Fonseca v. Kaiser Permanente Med. Ctr. Roseville, 222 F. Supp. 3d 850, 862 (E.D. Cal. 2016). Plaintiff could proceed against Dr. Enid if he pled sufficient facts to support an inference that Enid's actions were "fairly attributable" to the state. See West v. Atkins, 487 U.S. 42, 58 (1988). However, plaintiff has not pled any facts regarding Dr. Enid's position or relationship to Solano State Prison. Another reason plaintiff cannot proceed against Dr. Enid is that the complaint alleges only that Dr. Enid's care was negligent, ECF No. 1 at 5, which is insufficient to plead an Eighth Amendment violation. See Frost, 152 F.3d at 1130.

Plaintiff will be given leave to amend this claim and must give enough factual detail to plausibly establish that Dr. Enid provided deliberately indifferent medical care while acting under color of state law. Conclusory allegations of Dr. Enid's connection to the state will not suffice. See Felix v. Casey, No. 2:18-cv-3185 KJM AC P, 2021 WL 2209828, at *2 (E.D. Cal. June 1, 2021) (screening out § 1983 claim against physician at San Joaquin General Hospital where plaintiff alleged, in conclusory terms, that defendant was an "agent" of the California Department of Corrections and Rehabilitation).

### II. The Complaint Fails to State a Claim Under Cal. Gov't Code § 815.6

Plaintiff also raises a single state law claim against defendant CCCHS for a violation of

Cal. Gov't Code § 815.6.  Plaintiff's state law claim cannot proceed because his federal claims fail for the reasons described above.  See 28 U.S.C. § 1367 ("[T]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction.").  The undersigned, however, will briefly explain why plaintiff's state law claim also fails as alleged.

"[T]here is no common law tort liability for public entities in California; instead, such liability must be based on statute."  Braddy v. Drug Enf't Agency, 464 F. Supp. 3d 1159, 1168 (C.D. Cal. 2020) (quoting Guzman v. Cty. of Monterey, 46 Cal. 4th 887, 897 (Cal. 2009)).  One such statute is § 815.6, which reads:

> Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty.

Cal. Gov't Code § 815.6.  To plead a § 815.6 claim, a plaintiff must satisfy three elements: "(1) an enactment must impose a mandatory duty; (2) the enactment must be meant to protect against the kind of risk of injury suffered by the party asserting section 815.6 as a basis for liability; and (3) breach of the mandatory duty must be a proximate cause of the injury suffered."  Brown v. Metro by T-Mobile, 768 F. Supp. 3d 1068, 1098 (C.D. Cal. 2024) (quoting San Mateo Union High Sch. Dist. v. County of San Mateo, 213 Cal.App.4th 418, 428 (Cal. Ct. App. 2013)).

Plaintiff has not stated a cognizable claim under § 815.6.  The complaint does not identify what mandatory duty CCCHS allegedly failed to discharge.  "A plaintiff asserting liability under Government Code section 815.6 must specifically allege the applicable statute or regulation."  Heflin v. Cnty. of Los Angeles, 438 F. App'x 596, 597 (9th Cir. 2011) (quoting Brenneman v. California, 208 Cal.App.3d 812, 817 (Cal. Ct. App. 1989)).

Further, plaintiff has not alleged compliance with the claim presentation requirements of the California Government Claims Act, Cal. Gov't Code §§ 810 et seq. ("GCA").  The GCA "requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part."  Mangold v. California Pub. Utilities Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  "[A] plaintiff must allege facts

demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action." Cardenas v. Cnty. of Tehama, 476 F. Supp. 3d 1055, 1070 (E.D. Cal. 2020) (quoting State of California v. Superior Court, 32 Cal. 4th 1234, 1243 (Cal. 2004)).

Accordingly, plaintiff has not stated a claim under Cal. Gov't Code § 815.6. Plaintiff may raise this claim in amended complaint but must allege both a specific mandatory duty CCCHS failed to discharge and compliance with the GCA tort claim presentation rules.

### III.     Leave to Amend

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state a valid claim for relief pursuant to the Eighth Amendment against defendants CCCHS, Dr. Yasser, or Dr. Enid, for the reasons described above. Nor does the complaint state a cognizable state law claim under Cal. Gov't Code § 815.6 against defendant CCCHS, as the complaint does not identify a mandatory duty defendant allegedly violated or pled compliance with the GCA tort claim requirements. Because of these defects, the court will not order the complaint to be served on defendants.

Plaintiff may try to fix these problems by filing an amended complaint. In deciding whether to file an amended complaint, plaintiff s encouraged to consider the relevant legal standards governing his potential claims for relief provided above. In addition, if plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson, 588 F.2d at 743. Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be

1  complete in itself without reference to any prior pleading.  This is because, as a general rule, an
2  amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
3  1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no
4  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
5  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of 42 U.S.C. § 1983, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case, **2:25-cv-0734 SCR P**, and must be labeled **"First Amended Complaint."**

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: December 29, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE