UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ROBERT OBIACORO, | No.  2:25-cv-00734 SCR |
| Plaintiff, | |
| v. | ORDER AND |
| CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, et al. | FINDINGS & RECOMMENDATIONS |
| Defendants. | |

By screening order filed December 30, 2025, the undersigned found plaintiff's complaint failed to state a claim upon which relief can be granted and granted 30 days to file an amended complaint.  ECF No. 5.  The order warned plaintiff that failure to comply would result in recommendations to dismiss this action.  Id. at 9.  More than 30 days have passed, and plaintiff has not filed an amended complaint or otherwise responded to the court's order.

The Docket also reflects that mail service of the screening order was returned as undeliverable on January 6, 2026.  Although plaintiff's copy of the order was returned, plaintiff was properly served.  It is the plaintiff's responsibility to keep the court apprised of his current address at all times.  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.  Plaintiff's failure to update his address with the court furnishes another reason to dismiss this action.  See Local Rule 183(b).

1

When deciding whether to recommend dismissal for failure to comply with a court order, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). "The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The court's need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload in this District. The third factor is neutral given that plaintiff's complaint was screened out and defendant was not served, but "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). The fourth factor weighs against dismissal, but less so if plaintiff is not precluded from litigating this matter. The court has considered less drastic alternatives and concludes that dismissal without prejudice is appropriate.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that this action be dismissed without prejudice. See Local Rules 110 and 183(b); Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 9, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2